SA:LKG/MSM
F. #2016R01286

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – X

UNITED STATES OF AMERICA

- against -

ANDRES FERNANDEZ,
 also known as "Andy,"

    Defendant.

– – – – – – – – – – – – X

TO BE FILED UNDER SEAL

AFFIDAVIT AND COMPLAINT
IN SUPPORT OF
APPLICATION FOR ARREST
WARRANT

(18 U.S.C. §§ 924(c)(1)(A)(ii),
924(c)(1)(A)(iii), 924(j)(i), 1951
and 3551 et seq.)

No. 16-MJ-978

EASTERN DISTRICT OF NEW YORK, SS:

    Chance Adam, being duly sworn, deposes and states that he is a Special Agent

with the Federal Bureau of Investigation, duly appointed according to law and acting as such.

    On or about June 30, 2016, within the Eastern District of New York, the

defendant ANDRES FERNANDEZ, also known as "Andy," did knowingly and intentionally

attempt to obstruct, delay and affect commerce, and the movement of articles and

commodities in commerce, to wit: U.S. currency, by robbery, while brandishing and

discharging a firearm.

    (Title 18, United States Code, Sections 1951 and 3551 et seq.)

    On or about June 30, 2016, within the Eastern District of New York, the

defendant ANDRES FERNANDEZ, also known as "Andy," did knowingly and intentionally

use and carry a firearm during and in relation to a crime of violence, to wit: a violation of

Title 18, United States Code, Section 1951 as set forth above, and did intentionally possess a

firearm in furtherance of such crime of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(A)(iii) and 3551 et seq.)

On or about June 30, 2016, within the Eastern District of New York, the defendant ANDRES FERNANDEZ, also known as "Andy," in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime set forth above, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing is a murder as defined by Title 18, United States Code 1111(a), in that FERNANDEZ, with malice aforethought, did unlawfully kill Louis Barbati in an attempt to perpetrate a robbery.

(Title 18, United States Code, Sections 924(j)(1) and 3551 et seq.)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.      I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been involved in the investigation of numerous cases involving individuals and criminal groups responsible for racketeering and other crimes associated with organized crime, and, in particular, the five organized crime families collectively known as "La Cosa Nostra."  These investigations are conducted both overtly and covertly.  I have participated in investigations involving search warrants and arrest warrants, as well as confidential informants and cooperating witnesses.

---

[1]      Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2.      I have personally participated in the investigation set forth below.   I am familiar with the facts and circumstances of the investigation through my personal participation, from discussions with New York City Police Department ("NYPD") detectives and other law enforcement agencies, and from my review of records, reports and video surveillance relating to the investigation.   Unless otherwise noted, wherever in this Affidavit I assert that a statement was made, the information was provided by another agent or law enforcement officer or a witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated.   Likewise, information resulting from a review of video surveillance sets forth either my personal observations or information provided directly or indirectly by other law enforcement officers who reviewed the surveillance footage.

3.      On June 30, 2016, at approximately 6:40 p.m., Louis Barbati, a co-owner of L&B Spumoni Gardens ("L&B"), an Italian restaurant in Brooklyn, New York, left L&B carrying approximately $15,000 in cash, which represented his share of the proceeds from the restaurant's operations.   The money was contained inside a plastic bag marked with an L&B logo.   Mr. Barbati was carrying an unusually large amount of cash because cash distributions of restaurant proceeds occurred only a handful of times each year.

4.      At approximately 7:00 p.m., Mr. Barbati arrived home, at 7601 12th Avenue, in the Dyker Heights section of Brooklyn, New York.   Mr. Barbati parked his car on the side of his house and got out, carrying the L&B bag with the cash.   As Mr. Barbati walked from his car to his house, he was shot several times and killed.

5.      As set forth below, based on a review of surveillance video from several locations in the vicinity of the murder before and around the time the murder was committed, cellular telephone location data and witness statements, there is probable cause to believe that the defendant ANDRES FERNANDEZ, also known as "Andy," shot and killed Mr. Barbati, who was in possession of approximately $15,000 in proceeds from his business. FERNANDEZ left the scene without taking the money.

6.      Surveillance video shows an individual later identified as the defendant ANDRES FERNANDEZ wearing long jean shorts, a dark hooded sweatshirt, sunglasses, a gold necklace, and dark-colored sneakers walking in the vicinity of the murder scene shortly before the murder.   Thereafter, surveillance video shows Mr. Barbati's vehicle pulling to the side of 76th Street by his house to park.   Thereafter, the surveillance video captures FERNANDEZ hiding behind a tree across the street from where Mr. Barbati's vehicle was parked.   FERNANDEZ can be observed in the video standing behind the tree putting on a dark-colored glove and holding what appears to be a firearm.   Thereafter, surveillance video captures FERNANDEZ walking across the street towards the murder scene with the firearm held in his gloved hand.

7.      Immediately after the shooting, the surveillance video captures the defendant ANDRES FERNANDEZ fleeing the scene.   A combination of information obtained from civilian witnesses and a review of surveillance video from the vicinity of the murder scene revealed that FERNANDEZ fled the murder scene by running westbound on 76th Street, across 12th Avenue, entering a white, late-model Acura.

8.      Law enforcement officers have reviewed records from the New York
State Department of Motor Vehicles, which indicate that a white 2014 Acura TL with New
York license plate number GME8687 is registered to the defendant ANDRES FERNANDEZ.

9.      Subsequent to the murder, the NYPD distributed portions of the
surveillance video referenced above to the public.   Multiple individuals have identified the
man depicted in the surveillance video as the defendant ANDRES FERNANDEZ.

10.      In addition to video surveillance, cellular location data also places the
defendant ANDRES FERNANDEZ at the murder scene, and at L&B earlier that day.   For
example, location data for Fernandez's Cell Phone[2] shows that FERNANDEZ was in the
vicinity of L&B hours before Mr. Barbati's murder.   At approximately the same time,
surveillance video from L&B shows a man wearing long jean shorts, sunglasses, and dark
colored sneakers and with the same body shape as FERNANDEZ in the vicinity of L&B.

11.      A review of video surveillance from the murder scene shows the
defendant ANDRES FERNANDEZ at times holding a cell phone as if he were using it.
Location data for Fernandez's Cell Phone shows that FERNANDEZ was in the vicinity of the
murder scene at or around the times he is seen with a cell phone on the surveillance video.

It is respectfully requested that this Court seal all papers submitted in support of
this application for an arrest warrant.   Sealing is necessary because, given the confidential
nature of this investigation, disclosure would severely jeopardize the investigation in that it

---

[2] On August 14, 2015, the NYPD arrested the defendant ANDRES FERNANDEZ
pursuant to an outstanding warrant for an assault.   According to law enforcement reports created
in connection with that arrest, FERNANDEZ's cellular telephone number at the time of his arrest
was (917) 952-1578 ("Fernandez's Cell Phone").

might alert the target of the investigation to the existence of an investigation and likely lead to

the destruction and concealment of evidence and flight of the target.

WHEREFORE, your deponent respectfully requests that the defendant

ANDRES FERNANDEZ, be dealt with according to law.

Chance Adam
Special Agent
Federal Bureau of Investigation

Sworn to before me this
2nd day of November, 2016

THE HONORABLE PEGGY KUO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK